IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Al-Mujahidin, #103968, ) | CIVIL ACTION NO. 9:11-2964-MGL-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| D. Harouff; D. Bush; W. Byrd; ) | |
| D. Arrowood; R. Turner; C. Jones; ) | |
| V. Balogun; A. Sobowale; M. Snyder; ) | |
| M. McCall, Warden, P.C.I.; ) | |
| Florence Mauney, Assoc. Warden; ) | |
| and Rhonda Abston, Capt. P.C.I., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 21, 2012. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 25, 2012, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion could be granted, thereby ending his case. After being granted an extension of time, Plaintiff filed a memorandum in opposition on November 2, 2012.



The Defendants' motion is now before the Court for disposition.[1]

## Background and Evidence[2]

Plaintiff alleges in his verified Complaint[3] that on May 26, 2011, while confined at the Perry Correctional Institution (PCI),[4] he was subjected to an excessive use of force by the Defendants Harouff, Bush, Arrowood, Byrd and others when he was sprayed with chemical munitions and fired at by what appeared to be a gun (a 37 mm riot gun). Plaintiff further alleges that he was subsequently taken to "medical", where the Defendants Sobowale and Balogun (nurses) failed to provide him with proper medical care. Plaintiff then alleges that he was placed in the "restraint chair" without being allowed the opportunity to wash the chemical munitions off of his body, and that he was left in the restraint chair for an unreasonable amount of time. Plaintiff alleges that this occurred in front of the Defendant Jones (another nurse), who failed to take proper action. Plaintiff further alleges that in the weeks following this assault, he continued to be denied adequate medical care for his complaints.

Plaintiff alleges that in or about June 2011, he was served with disciplinary charges, but that when the hearing was held he was not allowed to attend nor was he informed that the hearing

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]The background and evidence for this case is discussed hereinabove, infra, only insofar as is necessary for a resolution of Defendants' motion for summary judgment.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

[4]Plaintiff is currently confined at the McCormick Correctional Institution.



was taking place. Plaintiff alleges that he was tried and convicted in his absence, and that "unspecified sanctions" were imposed by the Defendant Turner, the Disciplinary Hearing Officer. Plaintiff alleges that on or about June 2001 he filed grievances with the Defendant Snyder, the Grievance Coordinator, pertaining to the assault and the alleged denial of medical care, but that Snyder refused to process his grievances and "destroy[ed]" them.

Finally, Plaintiff complains that between May 26, 2011 and October 19, 2011, per orders of the Defendant Bush, the light was kept on in his cell twenty-four (24) hours a day, causing him severe headaches and making his eyes hurt. Plaintiff alleges that he "filed several grievances on this issue", none of which were addressed or processed. Plaintiff seeks monetary damages. See generally, Verified Complaint. In an amendment to his Complaint filed March 9, 2012, Plaintiff added the Defendants McCall (Warden of the Perry Correctional Institution), Mauney (Associate Warden), and Abston (a Captain) as party Defendants, stating that these individuals either were present and participated in the assault, or were aware of the assault and did not intervene or stop the allegedly unlawful actions. See, Amendment to Complaint.

In support of summary judgment in the case, the Defendants have submitted an affidavit from Ann Hallman, Chief of the Inmate Grievance Branch for the SCDC. Hallman attests that the Plaintiff filed eight grievances between May 26, 2011 and July 31, 2011, and that a computer printout of these grievances is attached to her affidavit as Exhibit A. Hallman then separately lists and discusses each of these eight (8) grievances and their status, with copies of each being attached to her affidavit as Exhibits B-I. Hallman attests that Plaintiff filed no other grievances during this time period. See Hallman Affidavit, with attached Exhibits.

As attachments to his memorandum in opposition to the Defendants' motion for



summary judgment, Plaintiff has submitted several exhibits, which include exhibits dealing with his grievances. Specifically, Plaintiff's Exhibit C-I through C-III reflect that Plaintiff inquired about his grievances, in particular a grievance he filed in June 2011 concerning the alleged excessive use of force, and that in response to an inquiry about the grievance numbers for these grievances, he was advised that they were Grievance Nos. PCI 1452-11 and PCI 1476-11. See Plaintiff's Memorandum in Opposition, with attached Exhibits C-1 through C-3.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendants argue in their motion for summary judgment, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing



this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, the Defendants have submitted Hallman's affidavit and copies of all the grievances filed by the Plaintiff during the relevant time period. Defendants argue that this grievance history shows that Plaintiff fail to exhaust his administrative remedies with respect to any of his claims before filing this lawsuit. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]. After careful review and consideration of the evidence and arguments presented, the undersigned is constrained to agree.



The events of which Plaintiff complains all occurred after May 26, 2011. The documentary evidence before this Court reflects that Plaintiff filed a Step 1 Grievance concerning the light being on in his cell on June 8, 2011, received by the Grievance Department on June 30, 2011 (PCI 1452-11). See Hallman Affidavit, attached Exhibit B. Plaintiff filed a second Step 1 Grievance concerning the lights being on in his cell on July 18, 2011, received in the Grievance Department on July 29, 2011 (PCI 1812-11). See Hallman Affidavit, attached Exhibit H. The undisputed evidence before the Court is that Plaintiff had not exhausted the grievance process with respect to either one of these two grievances prior to filing this lawsuit on November 1, 2011 (Complaint dated October 25, 2011). See Hallman Affidavit, ¶¶ 4 and 10, and attached Exhibits B and H; Plaintiff's Original Verified Complaint.[5]

With respect to the alleged incident which occurred on May 26, 2011, Plaintiff's subsequent medical care, and his disciplinary hearing, the documentary evidence reflects that Plaintiff grieved his disciplinary conviction by filing a Step 1 Grievance, and appealed the denial of this grievance by filing a Step 2 Grievance on September 23, 2011.[6] (PCI 1766-11). See Hallman Affidavit, attached Exhibit D. The evidence reflects that this grievance had also not been exhausted prior to Plaintiff filing this lawsuit. See Hallman Affidavit, ¶ 6, and attached Exhibit D; Plaintiff's

---

[5]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

[6]The date of the filing of the Step 1 Grievance is unknown, as a copy of the Step 1 Grievance form has not been provided to the Court as exhibit.



Original Verified Complaint. None of the other grievances filed by the Plaintiff during this time period relate to the allegations and claims set forth in this lawsuit. See Hallman Affidavit, ¶ ¶ 5, 7-9, 11, attached Exhibits C, E-G, I.

Further, none of Plaintiff's exhibits relating to the grievance issue show that Plaintiff had either exhausted any of these grievances, filed any *other* grievances relating to these issues during the relevant time period, or that the Defendants refused to process any of his grievances. Plaintiff's Exhibit C-I lists all of the grievances Plaintiff had filed which were overdue at that time (that exhibit is dated July 7, 2011), and does not show that any of the relevant grievances were overdue for response at that time. Plaintiff's Exhibit C-II is an Inmate Request dated July 10, 2011 from the Plaintiff asking what had happened to his grievances, the response to which notified Plaintiff that the grievance branch had received two grievances from him in late June, but advising him that they had not yet been entered into the system due to an extreme backlog. Plaintiff was further advised that grievances relating to disciplinary appeals, medical, and classification issues were being given priority, while grievances relating to allegations of excessive use of force or criminal activity were being sent to the Division of Investigations. Plaintiff was also advised that the general counsel was currently considering changes to the grievance policy in order to improve the process and address backlogs. See Plaintiff's Exhibit C-II. Plaintiff's Exhibit C-III is another Inmate Request dated July 16, 2010, again inquiring about his grievances and asking for his grievance numbers for his June grievances. Plaintiff was advised that they were Grievance Nos. PCI 1452-11 and PCI 1476-11. See Plaintiff's Exhibit C-II.[7]

---

[7]Grievance No. PCI 1476-11 concerns Plaintiff being placed on "cup" restriction. See Hallman Affidavit, ¶ 5, and attached Exhibit C.



The documentary evidence before the Court also reflects that even though the prison was experiencing backlogs in processing inmate grievances during the time period relevant to Plaintiff's claims, the Defendants promptly responded to Plaintiff's inquiries concerning the status of his grievances, and that Plaintiff then filed this lawsuit before he had exhausted his administrative remedies with respect to his grievances relating to the claims in this lawsuit. While it appears that some of these grievances may now be exhausted, that fact does not allow Plaintiff to proceed with this lawsuit at this time. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

Additionally, while Plaintiff states in his Complaint and memorandum opposing summary judgment that the Defendants "destroyed" or refused to process his grievances, the documentary evidence does not support this allegation (and indeed reflects that the Department of Corrections has an extensive history of dealing with multiple grievances filed by the Plaintiff over the course of his incarceration). Plaintiff is not entitled to avoid summary judgment simply by asserting a conclusory and unsupported allegation that his grievances were destroyed or not processed, particularly in light of the documentary evidence to the contrary. See Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue and exhaust his administrative remedies]; Jones v. Smith,



266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility];[8] Bridgeforth v. Workman, 410 Fed. Appx. 99, 100-101 (10th Cir. 2010)[Mere "good-faith efforts to comply with grievance procedures . . . do [ ] not excuse failure to exhaust."]; Sylvia Development Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995)[explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Churchs Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) [The Court is not required to "accept as true legal conclusions or unwarranted factual inferences"].

      In sum, the evidence before the Court shows that Plaintiff did not properly file, pursue and exhaust a grievance concerning any of the issues raised in this case prior to filing this lawsuit. Cannon, 418 F.3d at 719 [Prisoner may not file a lawsuit before exhausting his administrative remedies]. This evidence is sufficient to meet the Defendants' burden of establishing Plaintiff's failure to exhaust his administrative remedies. Anderson, 407 F.3d at 683. Therefore, the Defendants are entitled to summary judgment on Plaintiff's claims. Hyde, 442 S.E.2d at 583 ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with

---

[8]Demonstrating that the grievance process was not futile, the evidence reflects that Plaintiff continued to pursue his remedies through the prison grievance process by filing Step 2 grievances on March 20, 2012 for grievance PCI 1452-11 and grievance PCI 1812-11.



the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)).

### Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.  Jones v. Bock, 549 U.S. at 204.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 8, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District C777yy7yourt Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

11

