IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Muhammad Al Mujahidin, #103968, | ) | Civil Action No.: 9:11-2964-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| D. Harouff; D. Bush; W. Byrd; D. Arrowood; R. Turner; C. Jones; V. Balogun; A. Sobowale; M. Snyder; M. McCall, Warden, P.C.I.; Florence Mauney, Assoc. Warden; and Rhonda Abston, Capt. P.C.I., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Muhammad Al Mujahidin ("Plaintiff"), a state prisoner with the South Carolina Department of Corrections ("SCDC"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. 1983 alleging violations of his constitutional rights. Defendants deny Plaintiff's allegations and have filed a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 61). The motion is now before the Court after the issuance of the Report and Recommendation ("Report") of United States Magistrate Bristow Marchant to whom it was referred in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends (1) granting Defendants' motion for summary judgment for his failure to exhaust administrative remedies and (2) dismissing the action without prejudice.

## BACKGROUND

Plaintiff initiated this action on November 1, 2011 against the above-captioned Defendants. The relevant facts and legal standards are set forth in detail in the Report,

1

which the Court incorporates herein by reference and summarizes in relevant part. Plaintiff alleges *inter alia* that he was sprayed with chemical munitions and fired upon with what appeared to be a 37 mm riot gun during an altercation in his cell on May 26, 2011. Defendant contends after the altercation he was denied adequate medical care. Plaintiff claims to have filed grievances pertaining to the May 26, 2011 altercation and alleged denial of medical care with Defendant Miriam Snyder ("Defendant Snyder") who was the former Inmate Grievance Coordinator where Plaintiff was housed. Plaintiff alleges that Defendant Snyder lost or failed to file his grievances related to the use of excessive force Plaintiff seeks monetary damages. On September 21, 2012, Defendants filed a Motion for Summary Judgment (ECF No. 61), arguing in part that Plaintiff failed to exhaust his administrative remedies. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately to the motion. (ECF No. 65.) Plaintiff subsequently filed a response and a supplement to his response in opposition to Defendants' motion. (ECF Nos. 70 & 72.)

The Magistrate Judge reviewed the *pro se* complaint pursuant to the provisions set forth in 28 U.S.C. §§ 1915A, 1915 and the Prison Litigation Reform Act of 1996. On January 8, 2013, Magistrate Judge Marchant issued a Report and Recommendation ("Report") recommending that the Court grant Defendant's Motion for Summary Judgment due to Plaintiff's failure to exhaust administrative remedies and that the complaint be dismissed without prejudice. (ECF No. 73.) In his Report, the Magistrate Judge finds it necessary to address only the failure to exhaust defense. The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without

2

a recitation.

## STANDARD OF REVIEW

The Magistrate Judge only makes a recommendation to the Court. It has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the report to which specific objections are made. The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). Petitioner filed objections on January 24, 2013. (ECF No. 75.)

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party," *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir.1990) (internal quotations omitted), and summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to any material fact and inquiry into the facts is

3

unnecessary to clarify the application of the law. *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir.1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. *Booth* at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *See Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (*citing Booth*, 532 U.S. at 741).

Defendants argue that the complaint should be dismissed for various reasons, including failure of the plaintiff to exhaust his administrative remedies prior to filing the lawsuit. Defendants have the burden of showing that Plaintiff failed to exhaust such remedies. *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674 (4th Cir.2005). Defendants rely on two sources to support this argument. First they point to the affidavit of Ann Hallman, Inmate Grievance Branch Chief with SCDC, who attests that Plaintiff did not exhaust his administrative remedies with respect to this claim. Second, they have submitted copies of all the grievances filed by Plaintiff during the relevant period.

4

Defendants argue that Plaintiff's grievance history indicates that Plaintiff failed to exhaust his administrative remedies with respect to his claims  prior to initiating this action.  After reviewing the record as well as the submissions of the parties, the Magistrate Judge agreed with Defendants that  Plaintiff had indeed failed to exhaust his administrative and recommended that Defendants' Motion for Summary Judgment be granted.  Plaintiff objected to the Magistrate Judge's Recommendation.

### PLAINTIFF'S OBJECTIONS

Plaintiff objects to the "Magistrate's total acceptance of the affidavit of Ann Hallman and reliance on this document in reaching his decision . . ." (ECF No. 75 at 3.)  At the outset, the record reflects that in recommending summary judgment the Magistrate Judge relied upon more than the Hallman affidavit.  The record reflects that the Magistrate Judge considered the exhibits submitted by Plaintiff as well as the Hallman affidavit.  After reviewing the  exhibits that Plaintiff submitted in opposition to Defendants' Motion for Summary Judgment, the Magistrate Judge concluded that none of Plaintiff's exhibits showed that  Plaintiff had either exhausted any of the grievances he had submitted , filed any *other* grievances relating to the issues in this lawsuit, or that Defendants had refused to process his grievances.  (ECF No. 73 at 11.)  The Hallman affidavit was  submitted  in support of Defendants' Motion for Summary Judgment.  After the Defendants submitted the affidavit, it was incumbent upon Plaintiff to provide evidence to dispute the Hallman affidavit with respect to Defendants' assertions that Plaintiff had not exhausted his administrative remedies.   As the Magistrate Judge found, Plaintiff's conclusory and unsupported allegations that his grievances were destroyed or not processed and that he had therefore exhausted his administrative remedies were insufficient to overcome summary judgment

in lieu of the documentary evidence to the contrary.   Plaintiff's objection is wholly without merit and is overruled.

## **CONCLUSION**

The Court finds that the Magistrate Judge prepared an extensive and detailed Report and also appropriately addressed Plaintiff's arguments. The Magistrate Judge clearly and particularly explained why Plaintiff has failed to exhaust his administrative remedies. The Court has accepted all of Plaintiff's factual allegations as true. Nevertheless, after thoroughly reviewing the Report in its entirety and evidence in this case and after examining the applicable case law, the Court finds no error in the Report and adopts it and incorporates it herein by reference.   As such, Defendants' Motion for Summary Judgment is GRANTED.   (ECF No. 61.)   This action is DISMISSED without prejudice, for failure of Plaintiff to exhaust his administrative remedies.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 20, 2013.